# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

_____

| | |
|---|---|
| **In Re:** | |
| **Allen L. Wisdom** | **Bankruptcy Case No. 11-01135-JDP** |
| **Debtor.** | |

_____

## MEMORANDUM OF DECISION
_____

**Appearances:**

Allen Wisdom, Idaho City, Idaho, *Pro Se,* Debtor.

Jeremy Gugino, Boise, Idaho, Chapter 7 Trustee.

### *Introduction*

Debtor Allen L. Wisdom ("Debtor") objected to the Final Report and

Application for Compensation ("Final Report") filed in this case by chapter

7[1] Trustee Jeremy Gugino's ("Trustee").  This Memorandum sets forth the

---

[1]  Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 – 1532, and all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001 – 9037.

MEMORANDUM OF DECISION – 1

Court's findings of fact and conclusions of law regarding the objection.

Rules 9014; 7052.  For the reasons explained below, Debtor's objection will

be overruled.

### *Facts*

On April 19, 2011, Debtor filed a chapter 7 petition.  In his schedule

B, Debtor disclosed his interest in a whole life insurance policy issued by

New York Life, which Debtor represented had a value of $162,802.79.

Debtor claimed this policy and its value as exempt in schedule C pursuant

to Idaho Code §§ 41-1833(1) and 41-1930.

On April 20, 2011, Debtor filed an amended schedule C, which again

listed the value of the whole life insurance policy at $162,802.79; Debtor

again asserted the policy was exempt under the same provisions of the

Idaho Code.

Then, on May 18, 2011, Debtor filed another amendment to his

schedules.  The amended schedule B now disclosed that Debtor owned

five whole life insurance policies issued by New York Life, each with a

cash value, as follows:  policy number 306, $1,511; policy number 754,

MEMORANDUM OF DECISION – 2

$934; policy number 860, $3,238; policy number 504, $4,055; and policy number 344, $62,037.  Dkt. No. 19.  Debtor's second amended schedule C, Dkt. No. 19, claimed each of the five policies as exempt for its full value pursuant to Idaho Code § 11-605(10), except for policy number 344, which Debtor claimed exempt as to $5,000 of the value of that policy, also pursuant to Idaho Code § 11-605(10).

Trustee objected to Debtor's exemption claims in the second amended schedule C in the whole life insurance policies.  Dkt. No. 27. Trustee argued that, under Idaho Code § 11-605(10), Debtor was entitled to one aggregate exemption of $5,000 for all five insurance policies. Consistent with his interpretation of the exemption statute, Trustee acknowledged Debtor's claim to a $5,000 exemption in policy number 344, the one with the largest cash value, but objected to allowance of an exemption in any of the other smaller policies.  While the record shows he was served with a copy of Trustee's objection to his amended exemptions, Debtor did not oppose or otherwise respond to the objection.  On June 29, 2011, the Court entered an order sustaining Trustee's objection to Debtor's

MEMORANDUM OF DECISION – 3

claimed exemptions in the life insurance policies.  Dkt. No. 28.

Some time thereafter, Trustee made a demand on New York Life to liquidate all of the policies to recover their cash values.  New York Life eventually complied and sent Trustee a check for $75,033.21.  After receipt of the funds, Trustee sent a check to Debtor for $5,000, the amount of the exemption Debtor had claimed in policy number 344.  Debtor received the check and cashed it.

After administering the assets of the bankruptcy estate, and after various objections by Debtor to Trustee's actions, which were overruled by the Court, Trustee filed his Final Report on June 5, 2012.  Dkt. No. 144. Debtor, acting *pro se*,[2] filed an objection to Trustee's Final Report on June 27, 2012.  Dkt. No. 150.  In the objection, Debtor asserted that Trustee "unilaterally made the decision that Debtor would claim the $5000.00 exemption on [policy number 344]"; Debtor alleged that Trustee's action was "an intentional misrepresentation by the Trustee."  *Id.* at 3.  Debtor

---

[2] Debtor had been represented by counsel.  However, on December 7, 2011, counsel for Debtor was granted leave to withdraw.

MEMORANDUM OF DECISION – 4

insisted that all the insurance policies were "exempt from liquidation

pursuant to [Idaho Code] § 11-605(9)" and that Trustee had a "fiduciary

obligation to protect Debtor's interest in the exemptions . . . ." *Id.* at 4, 5.

Debtor alleged that Trustee was guilty of fraud in his dealings with the

insurance policies, and that Trustee "may have violated" federal criminal

statutes; he requested that this Court refer this matter to the United States

Attorney, order that Trustee pay the proceeds of the liquidated insurance

policies to Debtor, deny Trustee's request for compensation, and refer this

matter to the United States Trustee in Seattle for its review. *Id.* at 9-11.

Trustee filed a response to Debtor's objection on July 23, 2012. Dkt.

No. 153. In the response, Trustee pointed out that Debtor had never

claimed the policies as exempt under Idaho Code § 11-605(9), that it was

not his duty to claim exemptions for Debtor, and that Trustee had acted

properly by liquidating Debtor's interest in the insurance policies. *Id.* at 2-

6.

Debtor filed a reply to Trustee's response on July 30, 2012. Dkt. No.

154. Debtor reiterated his charges that Trustee's actions were

MEMORANDUM OF DECISION – 5

inappropriate, and explained his interpretation of the interplay between

Idaho Code § 11-605(10) and Idaho Code § 11-605(9). *Id.* at 11-12. Debtor

asserted, for the first time, that "it is not necessary to identify I.C. § 11-

605(9) as an exemption when I.C. § 11-605(10) is identified as an

exemption[.]" *Id.* at 11. In addition, Debtor took issue with this Court's

interpretation of these exemption statutes in the case of *In re Steiner*, 459

B.R. 748 (Bankr. D. Idaho 2010), labeling that decision's holding that Idaho

Codes § § 11-605(9) and (10) are separate and distinct exemptions as

"dicta". *Id.* at 10.

The Court conducted a hearing concerning Debtor's objection to

Trustee's Final Report on July 31, 2012. After hearing the arguments of the

parties, the Court took the issues under advisement.

### *Analysis and Disposition*

The Final Report details Trustee's administration of this bankruptcy

estate, and proposes a distribution of the estate funds generated by Trustee

to creditors. In objecting to the Final Report, Debtor's primary argument is

that Trustee's liquidation of his interest in the insurance policies was

MEMORANDUM OF DECISION – 6

inappropriate, and should not be approved.  The Court disagrees with

Debtor.  Moreover, because Debtor's contentions that Trustee engaged in

fraud, misrepresentations, criminal conduct, and the like, are all founded

upon Debtor's flawed premise concerning the propriety of Trustee's

actions, they lack merit and need not be addressed.    At bottom, the only

genuine issues raised by Debtor in his objection to the  Final Report are as

follows:  (1) whether Trustee's decision to honor Debtor's exemption claim

under Idaho Code § 11-605(10) on the largest insurance policy owned by

Debtor was inappropriate; (2) whether a chapter 7 trustee has a duty to

honor an exemption in property of the estate when the debtor fails to

properly claim it; and (3) whether a claim to an exemption in an insurance

policy under Idaho Code § 11-605(10) constitutes, in addition, an implied

claim of exemption under Idaho Code § 11-605(9).

### I.

**Trustee's Decision to Honor Debtor's Exemption Claim Under Idaho Code § 11-605(10) on the Largest Insurance Policy was Appropriate.**

Debtor's assertion in the objection that Trustee "unilaterally made

MEMORANDUM OF DECISION – 7

the decision that Debtor would claim the $5000.00 exemption on [policy

number 344],"and Debtor's conclusion that Trustee's actions were "an

intentional misrepresentation by the Trustee" are wrong.

Trustee objected to Debtor's second amended schedule C asserting

his claim of exemptions as to the insurance policies on May 24, 2011. Dkt.

No. 23. Trustee's objection noted that Debtor had "claimed a $5,000.00

exemption in NY Life Ins. Policy #344." *Id.* at 2. Trustee's representation

was correct; Debtor's second amended schedule C filed May 18, 2012,

claimed all of the insurance policies as exempt to their full value *except* for

the largest policy, number 344, in which Debtor claimed a $5,000

exemption, the monetary limit provided by Idaho Code § 11-605(10). Dkt.

No. 19. Debtor was given proper notice of Trustee's objection to the

amended exemption claim, and Debtor did not object or respond to that

objection. The Court entered an order sustaining Trustee's objection and

disallowing Debtor's claim of exemptions on the four smaller policies.

Dkt. No. 28. As a result of this order, Debtor's sole remaining exemption

was on policy number 344, and that exemption was limited by statute to

MEMORANDUM OF DECISION – 8

$5,000 in value.

On this record, Trustee could properly assume that the exempt status of Debtor's insurance policies had been resolved.  Trustee was therefore justified in seeking to liquidate the policies to recover the value of the four nonexempt policies, and to recover the excess value in the largest policy.  When he did so, and after having paid Debtor his exemption from the proceeds of policy number 344, Debtor did not object.  Upon receipt of the check from Trustee representing the amount of his exemption claimed the largest insurance policy, Debtor cashed it.

Accordingly, Trustee's "decision" to honor Debtor's $5,000 exemption in the largest insurance policy's cash value was consistent with the order entered by the Court.  Because of this, Debtor's suggestions that Trustee's actions were "unilateral" or inappropriate are baseless, and most assuredly, Trustee engaged in no "intentional misrepresentation" or "fraud" in dealing with the estate assets.

## II.
### Trustee Had no Fiduciary Duty to Honor an Exemption when

MEMORANDUM OF DECISION – 9

**Debtor Failed to Properly Claim It.**

Debtor's objection to the Final Report argues that Trustee had a "fiduciary obligation to protect Debtor's interest in the exemptions."  Dkt No. 144 at 4-5.  After Trustee disputed this contention in his response, in Debtor's reply, Debtor attempted to clarify that he "ha[d] never alleged that the Trustee had a duty to 'claim exemptions on behalf of the Debtor,'" but rather, Debtor contended that the Trustee had a "fiduciary duty to protect Debtor's interest in exemptions."  Dkt. No. 154 at 5.  While Debtor has perhaps conceded the argument, does a chapter 7 trustee have a fiduciary duty to claim and honor an exemption for a debtor who fails to properly claim it?

All of a debtor's interests in any property becomes property of the bankruptcy estate when a bankruptcy case is commenced.  § 541(a).  However, a debtor may claim certain property exempt from liquidation in a bankruptcy case.  § 522(b)(1).  To do so, a debtor is obliged to file a list of the exemptions he or she claims.  § 522(l) ("The debtor shall file a list of property that the debtor claims as exempt . . . .").  That list is schedule C.

MEMORANDUM OF DECISION – 10

*See* Rule 4003(a) ("[a] debtor shall list the property claimed as exempt under § 522 of the Code on the schedule of assets required to be filed by Rule 1007."); *see also* Local Rule 4003.1(a) ("The Idaho Code section under which any exemption is claimed, and each item of property claimed as exempt, shall be described with specificity, without reference to other schedules.").

"[A] party in interest may file an objection to [the debtor's] list of property claimed as exempt within 30 days . . . after any amendment to the list . . . ." Rule 4003(b)(1). "Unless a party in interest objects, the property claimed exempt [by the debtor] is exempt." § 522(l). However, if an item of property is not claimed as exempt by the debtor, or if a party in interest timely objects to items on the debtor's exemption list and that objection is sustained by the Court, the debtor's property is not exempt. *Schwab v. Reilly*, 130 S. Ct. 2652, 2658 (2010).

A bankruptcy trustee is the "representative of the estate." § 323(a). The chapter 7 trustee's duties are enumerated in § 704(a). "Generally, the trustee is to gather and liquidate the property of the estate, to be

MEMORANDUM OF DECISION – 11

accountable for the estate, ensure that the debtor performs his or her

obligations, investigate the finances of the debtor, review the proofs of

claim, and where appropriate, oppose the debtor's discharge . . . ." *Curry*

*v. Castillo (In re Castillo),* 297 F.3d 940, 950 (9th Cir. 2002).

The United States Trustee has concisely summarized a chapter 7

trustee's duties to others in administering assets of a bankruptcy estate:

"[t]he trustee is a fiduciary charged with protecting the interest of all estate

beneficiaries – namely, all classes of creditors . . . as well as the debtor's

interest in exemptions and in any surplus property."  United States

Trustee, Handbook for Chapter 7 Trustees (Effective October 1, 2012), pg.

4-2

http://www.justice.gov/ust/eo/private_trustee/library/chapter07/docs/ch7h

b2012/Handbook_for_Chapter_7_Trustees.pdf.  However, the Handbook

also explains that a chapter 7 trustee "must object to a claimed exemption

if doing so benefits the estate.  For example, if allowing the improperly

claimed exemption would remove assets from the estate that should be

available for payment of creditor claims, the trustee must object."  *Id.* at 4-4

MEMORANDUM OF DECISION – 12

- 4-5.  A chapter 7 trustee's primary duty is to "collect and reduce to

money property of the estate . . . ."  § 704(a).  The trustee in administering

an asset in which the debtor has properly claimed an exemption must not

harm the debtor's rights in that property.  In this way, it is true that the

trustee owes duties not only to the bankruptcy estate and creditors, but

also to the debtor.

Applying these principles, it is obvious that a chapter 7 trustee owes

no fiduciary duty to a debtor to honor an exemption that has not been

properly claimed and allowed by that debtor.  In addition, a trustee is

duty-bound to object to any improper claim of exemptions by a debtor.  As

the Code and Rules make clear, it is the debtor's responsibility to file a list

of claimed exemptions, and it is the trustee's duty to object to the

exemptions claimed if they are improper.  If an exemption is allowed, the

trustee owes a duty to protect the debtor's interest in the exempt asset.

In this case, Debtor argues that, in his second amended schedule C,

by asserting that the insurance policies were exempt under Idaho Code

MEMORANDUM OF DECISION – 13

§ 11-605(10), he was also impliedly claiming them as exempt under Idaho

Code § 11-605(9), which protects "[a]ny unmatured life insurance contract

owned by an individual, other than a credit life insurance contract."   The

Court rejects Debtor's creative notion that, under 522(l) and Rule 4003(a), a

debtor can claim an exemption in schedule C "by implication."  To the

contrary, a debtor has a responsibility of clearly claiming exemptions.  *See*

*In re Stromire*, 94 IBCR 70 (Bankr. D. Idaho 1994) (quoting Local Rule

4003.1(a) and holding that a debtor's failure to cite Idaho exemption law

with specificity is grounds to deny the debtor's claim of exemption).

Indeed, in a bankruptcy system that processes millions of individual cases

each year, trustees, creditors, bankruptcy courts, and others interested in

the process should not have to speculate concerning Debtor's exemption

intentions.  *See In re Moser*, 98.2 IBCR 48 (Bankr. D. Idaho 1998) (stating,

"[e]ven without the statutory mandate [of Local Rule 4003.1], the

practicalities of bankruptcy administration require that the trustee be

advised of the precise items of property in the estate . . . that the debtor

MEMORANDUM OF DECISION – 14

elects to withdraw from the estate . . . .") (quoting *In re Andermahr*, 30 B.R. 532, 533 (B.A.P. 9th Cir. 1983)).

Here, the Court confidently concludes that Debtor did not expressly, and therefore, properly, claim the insurance policies exempt under Idaho Code § 11-605(9). As a result, Trustee was not obliged to divine that Debtor intended to rely upon that statute as a basis for an exemption in the policies. Under the Court's order regarding Trustee's objection to Debtor's exemptions, Debtor's rights in the policies were limited to an interest in $5,000 of the cash value of the largest policy. *See Schwab*, 130 S. Ct. at 2661-62 (stating, "[a]s we have recognized, most of these categories [under § 522(d)] . . . define the property a debtor may claim as exempt as the debtor's interest–up to a specified dollar amount–in the assets described in the category, *not* as the assets themselves.") (citing §§ 522(d)(1)-(6), (8)) (internal quotation marks omitted).

As property of the estate, Trustee was under a duty to convert the policies to money available for distribution to Debtor's many creditors. In

MEMORANDUM OF DECISION – 15

the exercise of his discretion, he did so by surrendering the policies to New

York Life.  *See In re Ellis*, 11.1 IBCR 6 (Bankr. D. Idaho 2011) (discussing

trustee's exercise of discretion in liquidating assets of the estate).  Upon

receipt of the check from the insurance company, Trustee sent Debtor

$5,000 to satisfy his exemption claim in the largest policy.  At that point,

any duty Trustee may have owed to Debtor was properly discharged.

Debtor's arguments to the contrary lack merit.

### III.
### Under State Law, an Express Claim of Exemption under Idaho Code § 11-605(10) is not, in Addition, an Implied Claim of Exemption under Idaho Code § 11-605(9).

Above, as a matter of bankruptcy law, the Court rejects Debtor's

suggestion that a debtor may claim exemptions by "implication."

However, as an alternative and additional holding here, the Court notes

Debtor's argument is also flawed under Idaho law.  In short, an exemption

claimed under Idaho Code § 11-605(10) is separate and distinct from any

claim of exemption in an insurance policy under Idaho Code § 11-605(9).

Debtor's arguments fails under state law, too.

MEMORANDUM OF DECISION – 16

In a bankruptcy case, the property a debtor may exempt is determined by the Bankruptcy Code, unless the debtor's state has opted out of the Code's exemption paradigm. § 522(b). Idaho has opted out of the Code's exemptions, thus the Idaho exemption statutes apply to all bankruptcy cases filed in this District. Idaho Code § 11-609.

As noted above, Idaho Code § 11-605(9) provides an exemption for "[a]ny unmatured life insurance contract owned by an individual, other than a credit life insurance contract." In addition, Idaho Code § 11-605(10) shields "[a]n individual's aggregate interest, not to exceed five thousand dollars ($5,000), in any accrued dividend or interest under, or loan value of, any unmatured life insurance contract owned by the individual under which the insured is the individual or a person of whom the individual is a dependent."

The term "life insurance" is defined in Idaho Code § 41-502 as "insurance on human lives." Life insurance is typically provided in either a "whole life" policy or "term life" policy. "A whole life insurance policy

MEMORANDUM OF DECISION – 17

is designed to provide both insurance and cash value accumulation."

*Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1045 n.1 (9th Cir.

2000). However, "[u]nlike whole life insurance[] policies, term life

insurance policies only protect against the risk of the insured's death for a

fixed period of time. They do not acquire any cash surrender value or loan

value nor do they accumulate interest." *Banner Life Ins. Co. v. Mark Wallace*

*Dixson Irrevocable Trust*, 206 P.3d 481, 488-89 (Idaho 2009).

This Court recently addressed the life insurance exemptions under

Idaho Code §§ 11-605(9) and (10) in *In re Steiner*, 459 B.R. 748 (Bankr. D.

Idaho 2010). The Court explained that "Idaho Code §[§] 11-605(9) and (10)

were intended by the Legislature to protect two different types of interests

in unmatured life insurance contracts . . . ." *Id.* at 753. Idaho Code § 11-

605(9) exempts the life insurance *policy*, while Idaho Code § 11-605(10)

exempts the life insurance policy's *cash value*. *Id.* at 754.

There is a dearth of legislative history or case law addressing these

exemption provisions. *Id.* at 753. To assist in its analysis of the statutes, in

MEMORANDUM OF DECISION – 18

*In re Steiner*, the Court reviewed the legislative history and case law

concerning the nearly identical life insurance exemption statutes in the

Bankruptcy Code in §§ 522(d)(7) and (8).[3]  The Court concluded that the

legislative history of these Bankruptcy Code provisions, and the case law

interpreting them, were consistent with this Court's holding that the two

statutes cover separate and distinct interest in unmatured life insurance

policies.  *Id.*  The Court respectfully, but expressly, declined to follow

Chief Judge Myers' decision in *In re Oxford*, 274 B.R. 887, 890-91 n.6 (Bankr.

D. Idaho 2002) to the extent that decision held that a claim of an exemption

under Idaho Code § 11-605(9) was also a claim of an exemption under

---

[3] Section 522(d)(7) and (8) states,

The following may be exempted under subsection (b)(2) of this
section: (7) Any unmatured life insurance contract owned by the
debtor, other than a credit life insurance contract.  (8) The debtor's
aggregate interest, not to exceed in value $11,525 less any amount of
property of the estate transferred in the manner specified in section
542(d) of this title, in any accrued dividend or interest under, or loan
value of, any unmatured life insurance contract owned by the debtor
under which the insured is the debtor or an individual of whom the
debtor is a dependent.

MEMORANDUM OF DECISION – 19

Idaho Code § 11-605(10).  *Id.*

Debtor characterizes the Court's discussion of the distinctive nature and "separateness" of Idaho Code §§ 11-605(9) and (10) in *In re Steiner* as "dicta."  Debtor argues that the holding in *In re Steiner* also conflicts with the Ninth Circuit's decision in *Woodson v. Fireman's Fund Ins. Co. (In re Woodson)*, 839 F.2d 610 (9th Cir. 1988), and endorses *In re Oxford*.  *See* Dkt. No. 154 at 10-11.  Debtor's position lacks merit.

First, the Court presumes that Debtor's use of the term "dicta," is a reference to the concept of obiter dictum.  Obiter dictum is "[a] judicial comment made while delivering a judicial opinion, but one that is unnecessary to the decision in the case and therefore not precedential . . . ."  BLACK'S LAW DICTIONARY 1177 (Bryan A. Garner ed. 9th ed. 2009).  However, in *In re Steiner*, to resolve the issues presented, the Court was necessarily required to hold, and did, that Idaho Code §§ 11-605(9) and (10) constitute separate and distinct exemptions.  *In re Steiner*, 459 B.R. at 752 ("a determination must be made as to whether cash surrender value

MEMORANDUM OF DECISION – 20

may be exempted under Idaho Code § 11-605(10), or whether such interest

are encompassed in an exemption of the policy itself under Idaho Code

§ 11-605(9).").  In other words, the Court's characterization of the two

Idaho life insurance exemptions provisions as separate and distinct was

not orbiter dictum.

Even so, Debtor is free to ask the Court to review, or reconsider, its

prior holding in  *In re Steiner*.  Having done so, the Court declines to

depart from that holding.  In particular, the Court reiterates its concerns

about the holding in *In re Oxford* to the extent that it suggests that a claim

of exemption under either Idaho Code § 11-605(9) or § 11-605(10) is also a

claim of exemption under the other section.[4]

But there is a more serious problem with Debtor's reliance on *In re*

*Oxford*, because the holding in *In re Oxford* was different than that urged

by Debtor in this case.  The Court in *In re Oxford* reasoned that Idaho Code

---

[4] *See In re Zebri*, No. DK 09-14649, 2011 WL 175923, at *1 (Bankr. W.D.
Mich. Jan. 6, 2011) (opining that *In re Steiner* is "more persuasive than *Oxford*,"
because, in interpreting § 522(d)(7) in the way advanced in *In re Oxford*, would
render § 522(d)(8) as "superfluous").

MEMORANDUM OF DECISION – 21

§ 11-605(9), which exempts a debtor's life insurance policy, is broader in its

scope than an exemption claim under Idaho Code § 11-605(10), which

exempts only the cash value of a policy.  Thus, the Court in *Oxford*

concluded that an exemption claim under Idaho Code § 11-605(9)

subsumes one under Idaho Code § 11-605(10).

In contrast, here, Debtor argues that his claims to an exemption in

the five life insurance policies pursuant to Idaho Code § 11-605(10) were

also effective to claim an exemption under Idaho Code § 11-605(9).

Contrary to Debtor's position, the Court's comment in a footnote in *In re*

*Oxford* upon which Debtor relies can not be fairly read to hold an

exemption claimed under *either* section of the Idaho Code is also effective

to claim an exemption under the other section.  Debtor's reliance on *In re*

*Oxford* is misplaced.

*In re Woodson* is also no help to Debtor.  Debtor misquotes the Ninth

Circuit's decision in his pleadings, only then to state that *In re Steiner*

"conflicts with the analysis in the *Woodson* case."  Dkt. No. 154 at 9 n.6.

MEMORANDUM OF DECISION – 22

However, the issue in the case of *In re Woodson* was starkly different than that in the case at bar. *In re Woodson* dealt with a debtor who had attempted to claim an exemption on his wife's life insurance policy that matured when she died three days after the debtor filed his bankruptcy case. *In re Woodson*, 839 F.2d at 611. The important issue in that case was whether § 541(a) brought the life insurance proceeds into the bankruptcy estate even though the debtor claimed the policy exempt under § 522(d)(7), which protects a debtor's interest in an unmatured insurance policy. The Ninth Circuit held that the insurance proceeds were included in the bankruptcy estate notwithstanding the debtor's attempt to exempt them under § 522(d)(7) because the insurance policy had matured and was payable to the debtor. *Id.* at 620.

The Court's analysis in *In re Steiner* is equally applicable here. Idaho Code § 11-605(9) and Idaho Code § 11-605(10) are separate and distinct. As the Court explained, "all that is exempted by . . . Idaho Code § 11-605(9), is the insurance policy itself, and not a debtor's rights under the

MEMORANDUM OF DECISION – 23

policy . . . .  If a debtor wishes to protect dividends or interest that have

accrued under a policy, such as the policy's cash surrender value, he or she

must claim exemption in that interest under Idaho Code § 11-605(10)."  459

B.R. at 754.  In the same vein, Debtor's exemption claim under Idaho Code

§ 11-605(10) is not also, in addition, an implied claim under Idaho Code

§ 11-605(9).  Because the Idaho legislature crafted these exemption statutes

to serve two, distinct purposes, it is fair to require that a debtor expressly

claim an exemption in each if that debtor hopes to take advantage of the

protection afforded.

*Conclusion*

Trustee objected to Debtor's claim of exemptions in the life

insurance policies.  Without response from Debtor, the Court sustained

that objection and thereby effectively determined the extent of Debtor's

exemptions.  Trustee did not act inappropriately in surrendering all of the

policies, and paying Debtor $5,000 in satisfaction of his sole allowed

exemption in the largest policy.  Moreover, under both bankruptcy law,

MEMORANDUM OF DECISION – 24

and Idaho law, Debtor's claim of a $5,000 exemption on policy number 344

under Idaho Code § 11-605(10) did not constitute an "implied" claim of

exemption under § 11-605(9).

Debtor's objection to Trustee's Final Report and Application is

overruled. Trustee shall submit an appropriate order approving the Final

Report for entry by the Court.

Dated: September 11, 2012

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION – 25