UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| IN RE                               ) | |
|                                   ) | Case No. 11-01135-JDP |
| ALLEN L. WISDOM,          ) | |
|                                   ) | Chapter 7 |
|        Debtor.                    ) | |
| _____ ) | |

**MEMORANDUM OF DECISION
ON MOTION FOR RECUSAL, DOC. NO. 251**

Before the Court is a motion of the chapter 7 debtor,[1] Allen L. Wisdom ("Debtor"), seeking the recusal of the undersigned Judge. Doc. No. 251 ("Recusal Motion"). It is based on Debtor's memorandum in support, Doc. No. 252, "and all pleadings, papers and documents on file herein and [in the] related Adversary Proceeding Case No. 13-06045-TLM." Doc. No. 251 at 2. The Court takes judicial notice of its files and records, *see* Fed. R. Evid. 201, and of the numerous reported decisions regarding this bankruptcy case and the adversary proceeding.

The Court concludes that the Recusal Motion may be, and hereby is, addressed summarily on the record, and without hearing or further submissions.

For context, the Hon. Jim D. Pappas is the Bankruptcy Judge assigned to this chapter 7 case. The undersigned is the Bankruptcy Judge in Adv. Proc. No.

---

[1] Unless indicated otherwise, all statutory citations are to the Bankruptcy Code, Title 11 U.S.C. §§ 101–1532, and all rule citations are to the Federal Rules of Bankruptcy Procedure.

MEMORANDUM OF DECISION - 1

13-06045-TLM. Additionally, the undersigned presided in regard to a discrete matter in the chapter 7 case, a prior "motion for turnover" brought by Debtor, in 2014. *See* Doc. No. 199.

On May 26, 2016, Debtor filed a "[Renewed] Motion for Order to Turn Over Estate Funds to Debtor Obtained by Fraud and Surcharge Trustee," Doc. No. 241 ("Renewed Motion"). On June 20, Judge Pappas entered an Order of his recusal on the Renewed Motion, as he had done in regard to the earlier similar motion. Doc. No. 245. The undersigned then advised Debtor and interested parties that it would preside over the Renewed Motion. Doc. No. 249.

Subsequent to this clarification, Debtor filed the Recusal Motion now at issue.

**BACKGROUND**

The history of litigation in Debtor's bankruptcy case, and in the adversary proceeding he commenced against the chapter 7 trustee, Jeremy Gugino ("Gugino"), and others, is long and the filings are voluminous. There are numerous decisions that have been entered, most of which are reported.

    **A.**    **Chapter 7 Case No. 11-01135-JDP**

Debtor filed a petition commencing his voluntary chapter 7 case in April 2011. Gugino filed a Trustee's Final Report ("TFR") in June 2012. Debtor filed an objection based on Gugino's liquidation of certain New York Life Insurance Company ("NYLIC") life insurance policies Debtor owned when he filed

MEMORANDUM OF DECISION - 2

bankruptcy. On September 11, 2012, Judge Pappas issued a decision overruling Debtor's objections to the TFR.[2] Debtor's appeal was heard by the District Court which affirmed on April 18, 2013.[3] Debtor appealed to the Ninth Circuit Court of Appeals. On May 11, 2016, the Ninth Circuit affirmed.[4]

In Debtor's objections to the TFR, and his appeals, he raised numerous issues regarding Gugino's conduct as trustee. Each of the three courts (Bankruptcy, District and Circuit) rejected the contentions so raised. The Ninth Circuit concluded, "In sum, Wisdom's claims against the trustee are without merit."[5]

### B. The Adversary Proceeding

In December 2013, Debtor filed a complaint commencing an adversary proceeding against Gugino, Debtor's bankruptcy attorneys (Stern and Pantera) NYLIC, and numerous "John Doe" defendants which ultimately included Liberty Mutual Insurance Company, the issuer of Gugino's trustee's bond.[6]

The Court issued decisions in April and May 2014 addressing preliminary

---

[2] *In re Wisdom*, 478 B.R. 394 (Bankr. D. Idaho 2012).

[3] *In re Wisdom*, 490 B.R. 412 (D. Idaho 2013).

[4] *Wisdom v. Gugino*, No. 13-35409, 2016 WL 2731645 (9th Cir. May 11, 2016).

[5] 2016 WL 2731645 at *2.

[6] As this Court has previously noted, the complaint raised allegation or claims of breach of contract; breach of fiduciary duties; negligence, negligence per se and gross negligence; tortious interference; constructive fraud; intentional and negligent infliction of emotional distress; slander; and civil conspiracy.

MEMORANDUM OF DECISION - 3

issues, including Debtor's arguments why recusal was warranted.[7] The asserted grounds for recusal (including Gugino's prior employment as the Court's law clerk; the circumstances of his appointment as trustee by the United States Trustee; the filing of trustee's bond; etc.) were found not well taken under applicable statutes and precedent. In denying a request for an interlocutory appeal, the District Court indicated nothing in the record suggested recusal was warranted but did not ultimately decide the recusal issue.[8]

Later in the Adversary Proceeding, the Court issued decisions (a) entering judgment on the pleadings and dismissing the action as against NYLIC;[9] (b) granting summary judgment and dismissing the action as against attorneys Stern and Pantera;[10] and (c) granting summary judgment and dismissing the action as against Gugino and Liberty Mutual.[11] No appeals were taken from the judgments in favor of NYLIC or Stern and Pantera. Debtor filed an appeal from the

---

[7] *Wisdom v. Gugino (In re Wisdom)*, 2014 WL 1573134 (Bankr. D. Idaho Apr. 17, 2014); *Wisdom v. Gugino (In re Wisdom)*, 2014 WL 2175148 (Bankr. D. Idaho May 23, 2014).

[8] Debtor filed a motion for leave to appeal, seeking review of the denial of recusal, along with an alternative request for issuance of a writ of mandamus prohibiting the undersigned from presiding over the Adversary Proceeding. The District Court denied the motion for leave to appeal and the mandamus request. *Wisdom v. Gugino (In re Wisdom)*, 2014 WL 6983382 (D. Idaho Dec. 10, 2014). That ruling was affirmed by the Ninth Circuit Court of Appeals on March 26, 2015 (Case No. 15-35013). *See* Doc. No. 238.

[9] *Wisdom v. Gugino (In re Wisdom)*, 2015 WL 2128830 (Bankr. D. Idaho May 5, 2015).

[10] *Wisdom v. Gugino (In re Wisdom)*, 2016 WL 872102 (Bankr. D. Idaho Mar. 7, 2016).

[11] *Wisdom v. Gugino (In re Wisdom)*, 2016 WL 1039694 (Bankr. D. Idaho March 15, 2016).

MEMORANDUM OF DECISION - 4

judgment in favor of Gugino and Liberty Mutual, and it is pending before the District Court.[12]

### C. Additional litigation in and/or regarding the chapter 7 case

In the chapter 7 case, after the undersigned was assigned the discrete issues involved in the turnover motion, Debtor filed a written motion to recuse. Doc. No. 214. The Court denied both the recusal motion and the turnover motion. Doc. No. 217. The District Court affirmed this Court's refusal to recuse.[13] In that decision, the District Court also dismissed Debtor's appeal from this Court's denial of the 2014 turnover motion, without prejudice, due to the then-pending Ninth Circuit appeal regarding the TFR that concerned the same issues.[14] The District Court stated, "Depending on how the Ninth Circuit decides that appeal will dictate whether Mr. Wisdom has a basis for refiling his appeal of the Turnover Motion."[15]

Despite the Ninth Circuit's rejection of all claims in the appeal, Debtor filed the Renewed Motion. Gugino and Liberty Mutual objected. Doc. No. 242. Due to the reassignment, hearing has not been set on the Renewed Motion and that

---

[12] Case No. 1:16-cv-00251-EJL.

[13] *Wisdom v. Gugino (In re Wisdom)*, 2015 WL 2371489, *5 (D. Idaho May 18, 2015). In addition, the District Court denied Debtor's request that it also recuse. *Id.* at *2–3.

[14] This Court found that the turnover motion raised many of the same issues as were pending on appeal and, therefore, declined to entertain it. 2014 WL 4796770 at *2.

[15] 2015 WL 2371489 at *4.

MEMORANDUM OF DECISION - 5

objection, and it is therefore not presently ripe for decision. The Recusal Motion, however, is.[16]

**DISCUSSION AND DISPOSITION**

Debtor alleges that the undersigned (1) is "conflicted" because of its relationship with Gugino; (2) has personal knowledge of disputed evidentiary facts; (3) has a stake in the outcome of the Renewed Motion; (4) has "systematically demonstrated a bias in favor of Gugino and the defendants in the Adversary Proceeding and against Debtor in this case and as Plaintiff in the Adversary Proceeding." Doc. No. 252 at 7. Among some of the more specific allegations are:

– Gugino was the undersigned's term law clerk;

– Gugino's appointment violated applicable regulations (contending that the date of appointment was July 12, 2007, and, at that time, Gugino was still employed as a law clerk), and that he was therefore ineligible to be on the panel of chapter 7 trustees;

– Gugino was without legal authority to act as trustee—a contention based on the lack of filing of a copy of the trustee's bond with the Court under

---

[16] Debtor filed the Recusal Motion on August 17 using a 15-day "negative notice" under LBR 2002.2(d). No objections to the Recusal Motion have been filed and the notice period has run. However, the issue of recusal is one committed to the Court's discretion. Further, even in the absence of any objection under LBR 2002.2(d), the Court must consider and rule on the merits of an unopposed motion. *See In re Trevett*, 2012 WL 5258879, *1 n.4 (Bankr. D. Idaho October 24, 2012) (discussing the Court's obligation to determine the relief requested is appropriate even in the absence of a response from interested parties).

MEMORANDUM OF DECISION - 6

§ 322(a)—and, thus, could not administer the NYLIC insurance policies or other assets, and the Court was or should have been aware of this issue;

– the quashing of a subpoena by this Court was improper;

– this Court has displayed "pervasive and systemic" bias through its rulings and the violations of Debtor's due process rights;

– the Court addressed or decided issues that had not been raised by the parties; and

– the Court found jurisdictional issues existed regarding defendants NYLIC, Stern and Pantera, though they had not been raised by those parties, and ruled on the same *sua sponte*.

The authorities applicable to recusal have been set out in decisions in this case and more recently by this Court in *In re Khurana*, 2016 WL 3462236, *2–4 (Bankr. D. Idaho June 17, 2016). Recusal is governed by 28 U.S.C. § 455(a) and (b)(1). The standard for recusal is an objective one, and asks whether a reasonable person (*i.e.*, a well-informed, thoughtful observer, as opposed to a hypersensitive or unduly suspicious person) with knowledge of all the facts would conclude the judge's impartiality might reasonably be questioned. The objective standard must not be construed so broadly that it becomes effectively presumptive and requires recusal on the merest, unsubstantiated suggestion of bias or prejudice. *Id.*[17]

---

[17] While the citations in *Khurana* are omitted here in the interests of brevity, those authorities, and the Court's analysis, are incorporated fully by reference.

MEMORANDUM OF DECISION - 7

The Court followed these authorities in addressing Debtor's prior recusal allegations, and those decisions have been affirmed. *See* 2014 WL 1573134 at *2 and 2014 WL 2175148 at *1–6, and 2014 WL 6983382 at *1 (District Court decision regarding interlocutory appeal on recusal issue and denying writ of mandamus); *see also* 2014 WL 4796770 at *1, *aff'd* 2015 WL 2371489 at *5. Subsequent to those decisions, the Court further addressed the contentions underlying Debtor's recusal arguments. *See* 2016 WL 1039694 at *5–6, 10–13 (addressing arguments about the timing of Gugino's appointment and the filing of the trustee's bond).

The suggestion of recusal requires this Court to be subjectively certain of its ability to be fair and even-handed in dealing with all litigants, and free from bias or partiality. The Court has again undertaken this evaluation, and reaches the same conclusion that it did before. There is no credible or reasonable basis on which recusal is warranted.

The rulings of the Court throughout this matter have been careful, thoroughly explained, and justified by the facts and based on the law. Debtor does not like the outcome of most, perhaps all, of these decisions. That is his right. But dissatisfaction with rulings is a basis for appeal, not for recusal.

Debtor takes issue with the Court's more recent decisions in the Adversary Proceeding dismissing NYLIC and Stern and Pantera on jurisdictional grounds. Debtor notes that these defendants either consented to or did not oppose the Court

MEMORANDUM OF DECISION - 8

exercising jurisdiction. However, parties' positions on jurisdiction are not binding on the Court. As the decisions in the Adversary Proceeding themselves noted, the Court has an independent duty to evaluate its jurisdiction even if not raised by the parties. And while parties can, in bankruptcy litigation, be bound by their "consent" the Court is not itself bound by it.[18]

Debtor also takes issue with the fact that the Court addressed such issues *sua sponte*, and without holding a hearing or asking for argument or submissions from the parties. (In a similar vein, Debtor has objected to the Court establishing some hearings as "preliminary" or "non-evidentiary" in nature.) The Court's management of the procedural aspects of its cases and hearing calendars, as challenged by Debtor, is well within its prerogative.

As noted, the issue of recusal is viewed from the perspective of the "reasonable person" or the "informed, rational, objective observer." The Court concludes that, viewed from such a perspective, the Court's impartiality would not be doubted. In addition to what is evidenced by the painstakingly thorough discussion of the issues and contentions in now numerous written decisions, the Court is confident that such an objective observer who reviewed the several hundred filings in the chapter 7 case and the Adversary Proceeding, or listened to

---

[18] To be more precise, the "consent" issue Debtor alludes to refers to adversary defendants' answers and does not directly address jurisdiction but, rather, a question of which court (the District Court or the Bankruptcy Court) may exercise that jurisdiction and enter final orders and judgments.

MEMORANDUM OF DECISION - 9

the recordings of the in-court proceedings and the manner in which Debtor has been heard, will harbor no doubts.

As the Court has held before, and now reaffirms, it harbors no personal bias or prejudice for or against Debtor, and none for or against any of the other parties. The positions taken by each have been evaluated solely on the basis of their submissions and the applicable law. Given the tenor, tone and increasing vigor of Debtor's allegations of the Court's involvement in a "systematic" and "pervasive" bias or "fraud," an observer might wonder if, at some point, the Court's view would change. But judges either have, or develop, thick skins. The assertions made do not generate or foment bias or prejudice.

Rare is the case where at least one litigant does not feel a court's decision is not only misguided but flatly wrong. Sometimes litigants even feel the decision was improperly motivated. Judges accept, as part of their intellectual and emotional commitment to the judicial system, that such opinions may be expressed.

It has become increasingly easy for litigants to share with others views of perceived judicial bias or motive. But recusal in the face of criticism is no answer. Firstly, the authorities require the judicial officer's introspection and dutiful analysis of his or her ability to be impartial and fair. Secondly, those authorities caution against the too-quick recusal that might allay fears of bias, especially if the basis for such fears is only tenuously grounded, because the cost to the judicial

MEMORANDUM OF DECISION - 10

system in doing so is too dear. There is thus a recognized obligation to serve and to reject unsupported calls for recusal.

Finally, it must be again observed that many of the arguments advanced relate to the Court's rejection of legal positions taken by Debtor in litigation before the Court. The precedent is clear: dissatisfaction with rulings may be grounds for appeal, but is not grounds for recusal.

## CONCLUSION

The Recusal Motion has been carefully considered. As before, the Court finds it not well taken. There is no basis or reason for recusal under 28 U.S.C. § 455(a) or (b). The Recusal Motion will be denied, and an appropriate order will be entered.

DATED: September 9, 2016



TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION - 11